**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 8 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PATRICK E. SKAGGS,

       Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

       Defendant-Appellee.

No. 98-7188
(D.C. No. 97-CV-538-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BARRETT** , and **McKAY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Patrick E. Skaggs appeals the district court's order affirming the Commissioner's decision denying plaintiff's application for disability insurance benefits and supplemental security income (SSI) under Title II and Title XVI of the Social Security Act. Plaintiff alleges that he has been disabled since July 15, 1993, because of problems with his back, neck, feet, shoulders, and hands. The administrative law judge (ALJ) found that, while plaintiff could not perform his past relevant work as a convenience store manager or trucking maintenance supervisor, plaintiff retained the residual functional capacity (RFC) to perform the full range of sedentary work and, in particular, three jobs the vocational expert (VE) testified exist in significant numbers in the national economy. The Appeals Council affirmed the ALJ's decision and it became the Commissioner's final decision. Thereafter, plaintiff filed a complaint in district court. The district court, adopting the magistrate judge's Findings and Recommendations, affirmed the Commissioner's denial, and plaintiff's appeal to this court followed. We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.

We review the Commissioner's decision to ascertain whether it is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). On review, "[w]e neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs.,

933 F.2d 799, 800 (10th Cir. 1991).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Soliz v. Chater , 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales , 402 U.S. 389, 401 (1971) (further quotations omitted)).

On appeal, plaintiff contends that:  (1) the ALJ failed to properly evaluate the evidence of plaintiff's physical impairments and consider the vocational impact of those impairments at step five; and (2) the ALJ failed to show that plaintiff could perform a significant number of alternative jobs either through the use of the "grids" or through the testimony of the vocational expert.  We affirm.

Plaintiff was born in 1941, has a tenth grade education (he subsequently received a General Equivalency Diploma), [1] and, on the date of the ALJ's decision on review here, was fifty-five years old.  In September 1993, plaintiff applied for disability and SSI benefits alleging an onset date of July 15, 1993.  The Commissioner denied plaintiff's application at the administrative level and again on reconsideration.  Plaintiff opted for a de novo hearing before an ALJ which was held on August 8, 1994.  The ALJ issued a decision on October 26, 1994, denying plaintiff's claim, finding that the Commissioner had met his burden at step five of the five-step sequential evaluation process to show that plaintiff was

---

[1]     Plaintiff testified that he has a ninth grade education.  Plaintiff's application materials and the ALJ's decision, however, state that plaintiff has a tenth grade education.

capable of performing occupations that exist in significant numbers in the national economy despite his impairments. See 20 C.F.R. §§ 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining five-step evaluation process in detail). Plaintiff filed a complaint in district court and, on a magistrate judge's recommendation, the district court remanded to the Commissioner for further medical evaluation. Specifically, the district court directed the Secretary to "obtain additional medical evidence from a arthritis [sic] (Rheumatologist) to assist in evaluating whether or not Plaintiff's arthritic condition is disabling under the Social Security Act." Appellant's App., Vol. II at 200.

On remand, the Social Security Administration requested another consultative examination. Accordingly, after his second hearing, plaintiff was examined by Dr. Raymond J. Dougherty, an internal medicine specialist (apparently, there was no rheumatologist on the consultative examiners panel in Oklahoma). As described by the ALJ, Dr. Dougherty reported "some limitation in range of motion in the back and both hips without muscle spasms," id. at 180, but concluded that plaintiff did not have any physical limitations. Although he ordered a rheumatoid arthritis test, Dr. Dougherty did not discuss the result in his report. The ALJ, however, stated that plaintiff's laboratory test results were

negative for rheumatoid arthritis.   [2]   In addition, the ALJ described the radiologist's report of plaintiff's X-rays as indicating an old injury to plaintiff's back and some degenerative changes to plaintiff's knees.

The ALJ found that this recent medical evidence was consistent with earlier medical evidence in the record and, in conjunction with plaintiff's testimony describing his daily activities, was also consistent with the conclusion that, while plaintiff could no longer perform his past relevant work, plaintiff retained the RFC to perform sedentary work.    The ALJ found that the Commissioner met his burden at step five to show that plaintiff has the RFC to perform other work in the national economy based on the VE's testimony that plaintiff has transferrable skills applicable to skilled and semi-skilled jobs within the sedentary work category .  The VE testified that plaintiff could work as a counter clerk, cashier, and information clerk and such positions exist in the national economy and within

---

[2]     Plaintiff states that the copy of his rheumatoid arthritis test result is illegible.  Indeed, we cannot decipher the copy attached to appellant's appendix. The ALJ specifically addressed the test result and reported that the outcome was negative as did the magistrate judge.  Our review of the copy of the test result in the district court record confirms that plaintiff tested negative for rheumatoid arthritis.

Oklahoma in significant numbers.[3] Hence, the ALJ issued a decision finding that plaintiff was not disabled.

Both of plaintiff's contentions hinge on whether the ALJ's credibility determination of plaintiff's testimony concerning disabling pain is supported by substantial evidence in the record. To qualify as disabling, pain must be severe enough--either by itself or in combination with other impairments--to preclude any substantially gainful employment. See Brown v. Bowen, 801 F.2d 361, 362-63 (10th Cir. 1986). This court has enumerated the following factors to consider when analyzing a claimant's pain evidence:

> (1) [W]hether Claimant established a pain producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992) (citing Luna v. Bowen, 834 F.2d 161, 163-64 (10th Cir. 1987)). Objective evidence includes

---

[3] Plaintiff contends the VE erroneously testified plaintiff's skills can be transferred to the job of counter clerk. We do not address this argument because, based on our review of the record, plaintiff did not raise it to the district court until he filed his objections to the magistrate judge's findings and recommendations. See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Nevertheless, the VE's testimony on two other jobs existing in significant numbers in the national economy is sufficient to meet the Commissioner's burden at step five. See 20 C.F.R. §§ 404.1566(b), 416.966(b); Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995).

-6-

physiological and psychological evidence that can be verified by external testing. See Thompson v. Sullivan, 987 F.2d 1482, 1488-89 (10th Cir. 1993). Subjective evidence comprises statements from the claimant and other witnesses that are evaluated on the basis of credibility. See id. at 1489.

While plaintiff has shown objective medical evidence of a "pain producing impairment," and a loose nexus between the impairment and his pain, the objective evidence does not establish disabling pain. Accordingly, the ALJ had to evaluate plaintiff's subjective pain testimony and the other pertinent evidence before him. When we review an ALJ's assessment of a claimant's disabling pain, we do so with the caveat that "[c]redibility determination are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990).

The ALJ prefaced his decision by noting the "lack of medical treatment, paucity of the findings, and [plaintiff's] demeanor." Appellant's App., Vol. II at 180. The ALJ then considered plaintiff's testimony in light of the medical evidence and plaintiff's daily activities. We find the ALJ fulfilled his duty to provide adequate findings to support his credibility determination. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). The ALJ considered many of the factors that we have approved for purposes of evaluating pain testimony. See

<u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1489 (10th Cir. 1991) (setting out factors considered in evaluating credibility of pain testimony). The ALJ pointed out that plaintiff lives alone, performs his own household chores, can drive, mows his lawn on a riding lawn mower, does not require any assistance with personal hygiene, and can ride in a car for several hours. In addition, the ALJ found that the medical evidence was not consistent with the pain described by plaintiff and the limitations imposed thereby. Specifically, the ALJ rejected plaintiff's testimony he has to lie down intermittently during the day and spend most of his day lying down, noting "[t]he physical examination of claimant showed him to be well developed and well nourished without any pressure sores or atrophied muscles." Appellant's App., Vol. II at 181. The ALJ rejected plaintiff's statement he has to use a cane to walk at least every other day, noting the "[p]hysical examination showed that claimant has a normal gait; no muscle spasms; he could heel and toe walk; and he had no instability." <u>Id.</u> The ALJ also rejected plaintiff's testimony of loss of strength and pain in his hands because the physical examination did not corroborate plaintiff's claims. <u>See id.</u> We find that the ALJ's evaluation of plaintiff's disabling pain testimony is supported by substantial evidence in the record.

Plaintiff also alleges the ALJ mischaracterized the evidence of plaintiff's daily living activities and, therefore, erred by finding that plaintiff has the RFC

to perform the full range of sedentary work.    See 20 C.F.R. § 404.1567(a)

(describing physical requirements for sedentary work); 20 C.F.R. § 416.967(a)

(same).   Our review of the record does not support plaintiff's assertion.  The

ALJ's sedentary RFC finding flows from his assessment of plaintiff's

impairments as well as from the medical evidence in the record,      [4] plaintiff's

testimony about his daily living activities, and the VE's testimony.  We find this

determination too is supported by substantial evidence in the record.

Plaintiff maintains that the ALJ erroneously relied on the

Medical-Vocational Guidelines (the grids) found at 20 C.F.R. § 404, Subpt. P,

App. 2, since plaintiff has both exertional and nonexertional impairments.

Plaintiff all but concedes that the issue is irrelevant since a VE testified at

plaintiff's hearing and the ALJ's findings reflect that testimony.  Moreover,

"the mere presence of a nonexertional impairment does not automatically preclude

reliance on the grids;" rather, reliance on the grids is foreclosed only when the

nonexertional impairment poses an additional limitation on the claimant's ability

to perform a range of available jobs.     Channel v. Heckler  , 747 F.2d 577, 582 n.6

(10th Cir. 1984).  Here, the ALJ did not identify pain as a nonexertional

---

[4]      Plaintiff contends that the ALJ's reliance on Dr. Dougherty's report is
misplaced because he is not a rheumatologist.  As discussed, plaintiff tested
negative for rheumatoid arthritis.

impairment that would limit plaintiff's ability to perform a range of jobs with the sedentary level work category.

Last, plaintiff challenges the ALJ's hypothetical to the VE because it excluded plaintiff's subjective testimony of pain and corresponding limitations. The ALJ's hypothetical accurately reflects the ALJ's assessment of plaintiff's impairments and limitations and, as we stated above, this assessment is supported by substantial evidence in the record. See Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996) (stating that, while hypotheticals to VE must precisely reflect impairments, "they need only reflect impairments and limitations that are borne out by the evidentiary record"). Accordingly, we find that the ALJ's conclusion that plaintiff was not disabled at step five is supported by substantial evidence.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge